### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. )  CRIMINAL NO. 25-00084-KD
)
JAMES EUGENE DEES )

### PLEA AGREEMENT

The defendant, **JAMES EUGENE DEES**, represented by his counsel, and the United

States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal

Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1.      The defendant understands his rights as follows:

     a.      To be represented by an attorney;

     b.      To plead not guilty;

     c.      To have a trial by an impartial jury;

     d.      To confront and cross-examine witnesses and to call witnesses and

           produce other evidence in his defense; and

     e.      To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2.      The defendant waives rights b through e, listed above, and pleads guilty to Counts

Two and Three of the Indictment, charging violations of Title 18, United States

Code, Section 1466A, Possession of Obscene Visual Representations of the

Sexual Abuse of Children, and Title 18, United States Code, Section 2260A,

Penalties for Registered Sex Offenders.

1

Rev. 9/2021

3. The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offense.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree

Rev. 9/2021

that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

9.   This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

10.   The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## PENALTY

11.   The maximum penalty the Court could impose as to Count Two of the Indictment is:

a.   20 years' imprisonment;

    i)   A mandatory minimum term of 10 years of imprisonment, up to 20 years of imprisonment if DEES has a prior qualifying conviction. DEES does have a prior qualifying conviction.

b.   A fine not to exceed $250,000;

3

Rev. 9/2021

c.   A term of supervised release of five years up to lifetime supervised release, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d.   A mandatory special assessment of $100.00;

e.   Such restitution as may be ordered by the Court.

12.   The maximum penalty the Court could impose as to Count Three of the Indictment is:

a.   A mandatory minimum term of 10 years of imprisonment, to be served consecutively to the sentence imposed on Count Two;

b.   A fine not to exceed $250,000;

c.   A term of supervised release of three years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d.   A mandatory special assessment of $100.00;

e.   Such restitution as may be ordered by the Court.

## SENTENCING

13.   The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the

Rev. 9/2021

4

Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

14. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

15. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

16. Both the defendant and the United States are free to allocute fully at the time of sentencing.

17. The defendant agrees to tender $200.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

**SEX OFFENDER REGISTRATION**

18. The defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act ("the Act"), Title 42, United States Code, Section 16911 et

5

Rev. 9/2021

seq., he is a sex offender as that term is defined in the Act. The defendant further understands, acknowledges, and agrees to the following concerning his sex offender registration: I am required to register and keep my registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I also understand that if I possess a passport, it will be marked with a unique identifier identifying me as a convicted sex offender. I understand that if I seek to travel outside the United States, I must notify my residence jurisdiction of my travel at least 21 days prior to that travel. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by fine or imprisonment, or both. The defendant further agrees that for initial registration purposes only, the defendant is required to also register in the jurisdiction in which the defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

**RESTITUTION**

19.    Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory. The defendant agrees to make full restitution in an amount to be determined by the

6

Rev. 9/2021

Court at sentencing and restitution will include all relevant conduct regardless of whether it relates to the count of conviction.

20. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution. Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement. The parties will jointly recommend that as a condition of probation or supervised release, defendant will notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name or entity, including a trust, partnership or corporation after the execution of this plea agreement until the fine or restitution is paid in full. The parties will also jointly recommend that as a condition of probation or supervised release, defendant will notify the Collections Unit, United States Attorney's Office, before defendant transfers any interest in property owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations. Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory.

Rev. 9/2021

## FORFEITURE

21.     The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge of the conviction. The defendant hereby withdraws any petition for remission or claim for such property for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal or collateral attack.

## FINANCIAL OBLIGATIONS

22.     The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

8

Rev. 9/2021

(a)    Upon request, the defendant will submit a completed Financial Statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that his financial statement and disclosures will be complete, accurate, and truthful. The defendant further agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing. The defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

b.    The defendant will provide a waiver of his privacy protections to expressly authorize the U.S. Attorney's Office to access his credit report and tax information held by the Internal Revenue Service in order to evaluate the defendant's ability to satisfy any monetary penalty imposed by the Court.

c.    The defendant agrees not to transfer, assign, dispose, remove, conceal, pledge as collateral, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States or victims.  The defendant otherwise shall not devalue any property worth more than $1,000 before sentencing, without the prior approval of the United States.

### UNITED STATES' OBLIGATIONS

23.    The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will move to dismiss any remaining charges against the defendant once sentence is imposed in this case.

Rev. 9/2021

This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

24.    The United States will recommend to the Court that the defendant be sentenced within the advisory sentencing guideline range as determined by the Court.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

25.    As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

  a.    **EXCEPTIONS.**  The defendant reserves the right to timely file a direct appeal challenging:

  (1)    any sentence imposed in excess of the statutory maximum;

  (2)    any sentence which constitutes an upward departure or variance from the advisory guideline range.

The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

26.    If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

10

27.     The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

28.     If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

29.     The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant.  In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge.  In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

30.     In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## ENTIRETY OF AGREEMENT

31.     This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

11

Rev. 9/2021

Respectfully submitted,
SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date: May 27, 2025 ___

_/s/ Kacey Chappelear_____
Kacey Chappelear
Assistant United States Attorney

Date:_____

__/s/ Kasee Heisterhagen_____
Kasee Heisterhagen
Assistant United States Attorney
Chief, Criminal Division

I have consulted with my counsel and fully understand all my rights with respect to the

offense charged in the Indictment pending against me. I have read this Plea Agreement and

carefully reviewed every part of it with my attorney. I understand this agreement, and I

voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true

and accurate in every respect, and that had the matter proceeded to trial, the United States could

have proved the same beyond a reasonable doubt.

Date: 6-2-25 _____

James E Dees
**JAMES EUGENE DEES**
Defendant

I am the attorney for the defendant. I have fully explained his rights to him with respect

to the offense(s) charged in the Indictment in this matter. I have carefully reviewed every part of

this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an

12

Rev. 9/2021

informed and voluntary one.  I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: June 2 2025

LATISHA COLVIN
Attorney for Defendant

13

Rev. 9/2021

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 25-00084-KD |
| | ) | |
| JAMES EUGENE DEES | ) | |

## FACTUAL RESUME

The defendant, **JAMES EUGENE DEES**, admits the allegations of Counts Two and
Three of the Indictment.

## ELEMENTS OF THE OFFENSE

**JAMES EUGENE DEES** understands that in order to prove a violation of Title 18,

United States Code, Section 1466A(b)(1) and (d)(4), as charged in Count Two of the Indictment,

the United States must prove:

First:       The Defendant knowingly possessed a visual depiction of any kind;

Second:      The visual depiction depicts a minor engaging in sexually explicit
             conduct;

Third:       The defendant knew the visual depiction was of a minor;

Fourth:      The visual depiction is obscene;

Fifth:       The Defendant knew at the time of the possession that the contents of the
             visual depiction were of a sexually oriented nature; and

Sixth:       Any visual depiction involved in the offense had been mailed or
             transported in interstate or foreign commerce or was produced using
             materials that have been mailed or transported in interstate or foreign
             commerce.

1

**JAMES EUGENE DEES** understands that in order to prove a violation of Title 18, United States Code, Section 2260A, as charged in Count Three of the Indictment, the United States must prove:

First:     The Defendant is required to register as a sex offender under Federal or other law,

Second:     The Defendant committed a felony offense involving a minor under Title 18, USC, Section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425.

<u>**OFFENSE CONDUCT**</u>

Defendant, **JAMES EUGENE DEES**, admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **JAMES EUGENE DEES's** plea of guilty. The statement of facts does not contain each and every fact known to **JAMES EUGENE DEES** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

On December 15, 2022, James **DEES** was convicted of one count of Attempted Possession with Intent to Disseminate Obscene Matter of a Child Less than 12. He was sentenced to ten years split to time served. He was placed on supervision/probation. He was ordered to have no contact with his co-defendant. He was ordered to have no access to the internet for the duration of probation. He was required to register as a sex offender.

On July 11, 2024, James **DEES** reported to probation as required due to his conviction. **DEES** reported to the probation office at the same time as his co-defendant in his prior case. This was suspicious to **DEES'** probation officer, as **DEES** has been ordered to have no contact with the co-defendant. The officer had the front desk clerk watch as **DEES** and his co-defendant

2

Rev. 9/2021

left. Officers observed the two get in the same car and leave together. On July 12, 2024, around 0830 hours Alabama Probation and Parole Officers responded to the residence of the co-defendant to conduct a home visit. They located **DEES** hiding in a bathroom. **DEES's** Probation Officer noticed that **DEES** had a cell phone in his sweatshirt/hoodie pocket. The officer searched the phone and located numerous images of children in various stages of undress.

Detective A.F. with MCSO was notified and responded to the scene. Prior to questioning A.F. read **DEES** his Miranda Rights from the Mobile County Sheriff's Office Adult Advice of Rights form. **DEES** verbally waived his rights and agreed to speak. **DEES** provided the passcode to his phone. When asked what would be found on his phone, **DEES** replied "nothing but kids." He indicated he downloads images of kids from the internet. He has that he has approximately 400 images of children on his phone. He stated that some will be clothed and some will be naked. A.F. took possession of DEES's Nokia cell phone. On January 12, 2025, A.F. received a state search warrant for the phone.

The phone was examined. There were about 800 images on the phone. The majority of the images constituted child erotica. There were two images of Child Sexual Abuse Material ("CSAM") and approximately 50 artificially/computer-generated images of children being sexually abused. The computer-generated images depict young children (mostly toddlers) engaged in sexually explicit conduct. Investigators also discovered a number of search terms, including: "Lil Kids Pee," "Little kids naked," "cum on little girl panty," "Children P.u.s.s.y.," and "Little boy jacking off."

**DEES** admits that he knowingly possessed a visual depiction of a minor engaging in sexually explicit conduct, that he knew the visual depiction was of a minor, that the visual depiction is obscene, that he knew that the visual depiction was of a sexually oriented nature, and

3

that the visual depiction had been mailed or transported in interstate or foreign commerce, or was produced using materials that have been mailed or transported in interstate or foreign commerce. **DEES** admits that the material involved a prepubescent minor. **DEES** admits that the material portrays sadistic or masochistic conduct, or other depictions of violence. **DEES** admits that the material portrays the sexual abuse or exploitation of an infant or toddler. **DEES** admits that the offense involved the use of a computer. **DEES** admits that his prior conviction is a qualifying prior conviction in that it is relating to the possession of child pornography, and as such he is subject to the mandatory minimum of 10 years of imprisonment on Count Two, pursuant to 18 U.S.C. § 1466A(b) and 18 U.S.C. 2252A(b)(2). **DEES** admits that his prior conviction requires him to register under SORNA. **DEES** admits that the black Nokia Flip Phone, serial number BEF9F85LU, is subject to forfeiture and agrees that it can be forfeited.

AGREED TO AND SIGNED.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date: May 27, 2025 ___        _/s/ Kacey Chappelear_____
                            Kacey Chappelear
                            Assistant United States Attorney

Date:_____        _/s/ Kasee Heisterhagen_____
                            Kasee Heisterhagen
                            Assistant United States Attorney
                            Chief, Criminal Division

4

Rev. 9/2021

Date: 6-2-25

JAMES EUGENE DEES
Defendant

Date: June 2, 2025

LATISHA COLVIN
Attorney for Defendant

5

Rev. 9/2021