**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **)** |
| | **)** |
| **v.** | **)   CRIMINAL NO. 25-00084-KD** |
| | **)** |
| **JAMES EUGENE DEES** | **)** |

<u>**UNITED STATES' SENTENCING BRIEF**</u>

Comes now the United States of America, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, and submits this sentencing brief to address the question posed by the Court during the Defendant's entry of guilty plea, namely: whether or not the use of Dees' prior conviction to both enhance the penalty in Count 2 and impose a mandatory consecutive sentence in Count 3 constitutes "double-counting."

### I.      Background

Pursuant to his plea agreement (Doc. 16), the Defendant admitted to the following facts: on December 15, 2022, he was convicted in the Circuit Court of Mobile County of one count of Attempted Possession with Intent to Disseminate Obscene Matter of a Child Less than 12. As part of his sentence for that offense, he was required to register as a sex offender.

On July 12, 2024, Dees was found to be in possession of approximately 50 artificially/computer-generated images of children being sexually abused, and a handful of images of real children engaged in sexually explicit conduct. The computer-generated images depict young children (mostly toddlers) engaged in sexually explicit conduct.  Based on that conduct, on April 23, 2025, a Grand Jury returned an Indictment, charging Dees with one count of Possession of Child Pornography, one count of Possession of Obscene Visual Representations of the Sexual Abuse of Children, and one count of Penalties for Registered Sex Offenders.  (Doc. 1).

1

On June 12, 2025, Dees entered a guilty plea to Counts 2 and 3 of the Indictment, to wit: Count 2, charging a violation of Title 18, United States Code, Section 1466A, Possession of Obscene Visual Representations of the Sexual Abuse of Children, and Count 3, charging a violation of Title 18, United States Code, Section 2260A, Penalties for Registered Sex Offenders.  In his plea agreement, Dees acknowledged that he had a prior qualifying conviction.  Such a conviction enhanced his mandatory minimum sentence in Count 2, so that Dees must be sentenced to at least 10 years of imprisonment as to Count 2.  18 U.S.C. §§ 1466(b)(1), 2252A(b)(2).  Dees acknowledged this enhanced sentence.  (Doc. 16, PageID: 46, 60).  Additionally, because Dees was required to registered as a sex offender at the time he committed the instant offense, he is subject to the penalty provisions set out in Count 3, which require a mandatory minimum term of 10 years of imprisonment, to be served consecutively to the sentence imposed on Count 2.  18 U.S.C. § 2260A.  Again, Dees acknowledged this penalty.  (Doc. 16, PageID: 46).

At the plea hearing, the Court asked the parties to brief the following issue: whether or not the use of Dees' prior conviction to both enhance the penalty in Count 2 and impose a mandatory consecutive sentence in Count 3 constituted "double-counting." (Doc. 19).  This is the United States' briefing.

### II.     Elements of the Offenses

#### a.   18 U.S.C. § 1466A(b)(1)

In Count 2 of the Indictment, the Defendant was charged with a violation of 18 U.S.C. § 1466A(b)(1).  That section states "Any person who, in a circumstance described in subsection (d), knowingly possesses a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting that depicts a minor engaged in sexually explicit conduct and is obscene …. or attempts or conspires to do so, shall be subject to the penalties provided in section 2252A(b)(2), including the penalties provided for cases in involving a prior conviction." Subsection (d) sets out a number of circumstances

in which a person can be in violation of § 1466A.  Specifically as it relates to this case, 18 U.S.C. 1466A(d)(4) prohibits the possession of obscene visual representations of the sexual abuse of children if "any visual depiction involved in the offense has been mailed, or has been shipped or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer."

Within the body of 18 U.S.C. § 1466A(b), there contains an incorporation of the penalty provisions set out in 18 U.S.C. § 2252A(b)(2), "including the penalties provided for cases involving a prior conviction."  18 U.S.C. 2252A(b)(2) states "whoever violates, or attempts or conspires to violate … shall be fined under titles title or imprisoned not more than 10 years … but … if such a person has a prior conviction under … the laws of any State relating to … the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years."

### b.  18 U.S.C. § 2260A

In Count 3 of the Indictment, the Defendant was charged with a violation of 18 U.S.C. 2260A. That section states "Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor[1] under section … 1466A … shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision."

---

[1] Though the Court has not asked parties to address this point, the United States notes that the Eleventh Circuit has held that, at least in the context of a Section 2260A violation predicated on a violation of 18 U.S.C. § 2422, a defendant "may be convicted even where his conduct did not involve an actual minor." *United States v. Slaughter*, 708 F.3d 1208, 1216 (11th Cir. 2013).

3

### III.    Discussion

At sentencing, this Court should apply the statutory enhancements in § 1466A and then apply an additional consecutive sentence pursuant to § 2260A.  Congress enacted § 2260A to punish more severely those offenders who commit certain offenses—including violations of § 1466A—while already subject to sex offender registration laws.  It stated that the sentence under § 2260A "shall be consecutive to any sentence imposed for the offense under that provision."  18 U.S.C. § 2260A.  Through this language, Congress indicated expressly that it intended to establish § 2260A as a cumulative punishment for the underlying violation.  Congress' express adoption of cumulative punishments means that the imposition of consecutive sentences accords with Congress' intent.  Thus, this Court should impose a total sentence that follows both provisions.

The Constitution provides that a person shall not "be twice put in jeopardy of life or limb" for the same crime.  U.S. Const. amend. V.  Among its protections, the Double Jeopardy Clause protects against "multiple punishments for the same offense."  *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009).  When "cumulative sentences" arise from the same proceeding, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."  *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).  In such cases, the constitutional analysis turns on whether the legislature intended the punishments to be cumulative.  *Id.* at 368–39.

Under that analysis, the text of the statute is the starting point.  *Albernaz v. United States*, 450 U.S. 333, 336 (1981).  If a statute "specifically authorize[s] cumulative punishments for the same offense, a court may impose cumulative punishment without running afoul of the Double Jeopardy Clause."  *United States v. Kaiser*, 893 F.2d 1300, 1304 (11th Cir. 1990).  To discern that specificity, a court may consult the "language, structure, and legislative history" of the statutes.  *Garrett v. United States*, 471 U.S. 773, 780 (1985).  For example, the Eleventh Circuit has concluded that the application

4

of a cumulative punishment for a violent crime under 18 U.S.C. § 924(c) poses no double jeopardy concerns because Congress expressly indicated its intent to impose cumulative punishments. *United States v. Dowd*, 451 F.3d 1244, 1252 (11th Cir. 2006). That statute mandates a sentence "in addition to the punishment provided" for a drug trafficking crime or a crime of violence when a defendant uses, carries, or possesses a gun to further the offense. 18 U.S.C. § 924(c)(1)(A). *Dowd* found that language indicative of Congress' intent to impose cumulative punishments. 451 F.3d at 1251–52.

Without specific indications, Congress generally intends offenses to carry separate penalties if "each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The *Blockburger* framework serves as "a rule of statutory construction" that "help[s] determine legislative intent." *Garrett*, 471 U.S. at 778–79. As the Supreme Court put it in *Hunter*, if "a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory constructive is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Hunter*, 459 U.S. at 368–69. At most, *Blockburger* establishes a "presumption" that gives way when Congress manifests a different intent through a statute's language and structure. *Garrett*, 471 U.S. at 779. In *Dowd*, the Court declined to consider the *Blockburger* analysis because it "is not controlling where the legislative intent to impose cumulative punishments is clear." *Id.*

Applying these principles, § 2260A manifests Congress' express intent to impose cumulative punishments. As noted, a defendant triggers § 2260A when the defendant commits certain predicate offenses (including a violation of § 1466A) while subject to sex offender registration laws for a prior conviction. 18 U.S.C. § 2260A. A defendant who violates § 2260A "shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed" for the new predicate violation. *Id.* To reinforce the point, Congress indicated that "[t]he sentence imposed under this section shall

be consecutive to any sentence imposed for the offense under that provision." *Id.* Like § 924(c), the language in § 2260A unambiguously establishes a cumulative punishment. *See Dowd*, 451 F.3d at 1251–52 (relying on § 924(c)'s reference to additional punishment for a predicate violation when a gun is involved). To apply § 2260A, the Court should impose the sentence for the predicate violation, including any enhancements, and then impose an additional sentence of 10 years on top of that sentence. *See id.* at 1251–52 and n.8 (applying § 924(c) when the predicate offense, a violation of 18 U.S.C. § 2114(a), included a provision that set a higher maximum sentence when a defendant used a gun).

Several district courts have found this language in § 2260A to authorize cumulative punishments. *United States v. Thurman*, No. 4:24-CR-3092, 2025 WL 1065527 (D. Neb. April 9, 2025), *report and recommendation adopted by United States v. Thurman*, No. 4:24-CR-3092, 2025 WL 1598989 (D. Neb. June 6, 2025); *United States v. Shouse*, No. CR 12-71-GF-DLC, 2015 WL 150237 (D. Mont. Jan. 12, 2015). As the district court in *Thurman* adopted the magistrate judge's conclusions, it observed that the language in § 2260A "leaves no doubt that Congress sought to impose 'multiple punishment'" for the violation of § 2260A and the underlying predicate. *Thurman*, 2025 WL 1598989, at *1. Likewise, the *Shouse* court observed that "the *Blockburger* test is only a guide to legislative intent" and focused on whether the statute evinced "the legislature's intent to impose multiple punishments." *Id.* at *5. It found that "[t]he language of § 2260A does exactly that." *Id.* These decisions are persuasive because they applied the unambiguous language of the statutory text and are in good company with the Eleventh Circuit's similar analysis of § 924(c) in *Dowd*. *See Dowd*, 451 F.3d at 1251–52 (analyzing the text of § 924(c)).

The structure and legislative history further fortify this construction of § 2260A. *See Garrett*, 471 U.S. at 779 (considering language along with structure and legislative history). Congress adopted the penalties in § 2260A after it enacted the penalty scheme in § 1466A. This timing supports the

6

view that the penalties in § 2260A overlay and enhance any enhanced penalties in § 1466A itself. *See Thurman*, 2025 WL 1598989, at *1 (noting that Congress had adopted the penalties for the defendant's predicate offense in 18 U.S.C. § 2251 before it adopted § 2260A).

Congress enacted § 2260A in 2006. Adam Walsh Child Protection & Safety Act of 2006, Pub. L. 109-248, § 702, 120 Stat. 587 (July 27, 2006). The heading for the operative section, § 702, reflected that it imposed "increased penalties for registered sex offenders." *Id.* (capitalization omitted). Features of a statute like its title can inform its meaning, too. *Rudolph v. United States*, 92 F.4th 1038, 1044 (11th Cir. 2024). As for Dees' predicate violation, Congress enacted that statute three years earlier in 2003. Prosecutorial Remedies & Tools Against the Exploitation of Children Today Act of 2003, Pub. L. 108-21, § 504, 117 Stat. 650 (April 30, 2003). The statute included its penalty provision that an offender "shall be subject to the penalties provided in section 2252A(b)(1), including the penalties provided for cases involving a prior conviction." *Id.* Although those penalties have changed over time, § 2252A(b)(1) has long included enhanced penalties for offenders with certain prior convictions, including previous convictions related to child pornography. Omnibus Consol. Appropriations Act of 1997, § 121(3)(a) (adopting § 2252A, which included an enhancement for individuals with prior child pornography convictions). As the District Court noted in *Thurman*, "Congress is presumed to have known of its former legislature and to have passed new laws in view of the provisions of the legislation already enacted." *Thurman* 2025 WL 1598989, at *2, *citing United States v. Hanousek*, 176 F.3d 1116, 1121 (9th Cir. 1991); *see also Cannon v. University of Chicago*, 441 U.S. 677, 696-97 (1979) (It is appropriate for courts to assume that our elected representatives know the law.); *Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (cleaned up)). Congress passed § 2260A and specifically imposed another additional penalty while knowing § 1466A

included an enhanced penalty for individuals with certain prior convictions. Hence, the timing strongly supports the interpretation that § 2260A overlays all the penalties in § 1466A.

Ultimately, § 2260A operates similarly to § 924(c). It imposes a cumulative punishment for an offender who commits an offense and meets additional criteria. In addition to *Dowd*, the Eleventh Circuit has rejected double jeopardy challenges to § 924(c) in other contexts. *United States v. Moore*, 43 F.3d 568, 572 (11th Cir. 1994) (addressing an armed carjacking); *United States v. Martin*, 38 F.3d 534, 535 (11th Cir. 1994) (same); *United States v. Ricks*, 817 F.2d 692, 694–95, 698–99 (11th Cir. 1987) (considering a bank robbery). The substantive offenses involved the use of a gun. *See Moore*, 43 F.3d at 572 (noting that the carjacking statute at the time required the defendant to possess a gun); *Ricks*, 817 F.2 at 694–95 (noting that the robbery charges included the use of dangerous weapons and devices). The definition of a violent felony has changed over time. *See United States v. Davis*, 588 U.S. 445, 448 (2019) (concluding that the so-called residual clause in § 924(c) is unconstitutionally vague). Some crimes may no longer qualify as violent felonies today. *See Stevens v. United States*, No. 17-10371-A, 2017 WL 11622549, at *2 (11th Cir. Oct. 25, 2017) (noting a defendant's critique of *Moore*'s analysis that carjacking qualified as a crime of violence); *but see In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016) (concluding that *Moore* found that carjacking satisfied the force clause in § 924(c)). At bottom, the Eleventh Circuit's double jeopardy analysis of § 924(c) is instructive for § 2260A, which uses similar language to indicate its intent.

Due to the clear statutory text, it does not matter whether § 2260A and § 1466A pass the *Blockburger* test. Congress unambiguously intended to establish cumulative punishment and that intent controls. *See Hunter*, 459 U.S. at 368–69 (recognizing that "a court's task of statutory construction is at an end" when "a legislature specifically authorizes cumulative punishment under two statutes"). Even so, there are sentencing differences in the two statutes. Section 1466A incorporates the penalties

in § 2252A(b)(1), which provide for an enhancement when the defendant has committed certain sex offenses.  In contrast, § 2260A's penalties apply whenever the offender is subject to sex offender registration.  Moreover, a defendant violates § 1466A and therefore commits a predicate violation for purposes of § 2260A even if the defendant does not have a conviction that triggers the statutory penalties in § 2252A(b)(1).  In some cases, the defendant's prior conviction may satisfy both provisions simultaneously.  That similarity, though, does not inherently pose a double jeopardy problem.  The Eleventh Circuit has recognized, for example, that Congress enacted separate offenses for possession of stolen firearms and unlawful possession of firearms as a felon even though the same guns were at issue.  *United States v. Smith*, 532 F.3d 1125, 1128–29 (11th Cir. 2008).  This Court should impose the cumulative punishments without consideration of the *Blockburger* analysis, however, because the legislative intent is clear.  *See Dowd*, 451 F.3d at 1252 (declining to consider the *Blockburger* test with respect to § 2114 and § 924(c) it was not controlling when the legislature intended cumulative punishments).

Finally, this analysis is the same whether the Court treats § 2260A as a separate offense, as most courts have done, or as an enhancement to the underlying violation.  *See e.g. United States v. South*, 359 F. App'x 960, 963-64 (11th Cir. 2010) (vacating section 2260A conviction because indictment insufficiently alleged the offense); *see also United States v. Carver*, 348 F. App'x 449, 452 (11th Cir. 2009) (vacating section 2260A conviction following bench trial because defendant did not waive his right to a jury trial).  The Eleventh Circuit has recognized that the Double Jeopardy Cause "does not bar Congress from enacting a two component, integrated statutory scheme to punish a single offense." *Garcia v. United States*, 769 F.2d 697, 699 (11th Cir. 1985).  Ultimately, cumulative punishments are appropriate regardless.

In sum, the plain language of § 2260A makes it clear that the sentence under this provision is in addition to any sentence imposed for the predicate violation.  Cumulative punishments do not pose

a double jeopardy problem because Congress clearly authorized those sentences.  This Court should sentence Dees under both § 1466A and § 2260A.

## IV.    Conclusion

For the reasons stated above, the United States respectfully asks the Court to impose a sentence that satisfies, at minimum, the enhanced mandatory minimum of ten years as to Count 2, and a consecutive ten-year sentence on Count 3.

Respectfully submitted September 15, 2025.

> SEAN P. COSTELLO
> UNITED STATES ATTORNEY
> By:
>
> */s/ Kacey Chappelear*
> Kacey Chappelear
> */s/ Scott A. Gray*
> Scott A. Gray
> Assistant United States Attorney
> 63 South Royal Street, Suite 600
> Mobile, Alabama 36602
> (251) 441–5845